IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:17-CV-447-KS

REDOX TECH, LLC,                          )
                                          )
              Plaintiff,                  )
                                          )
    v.                                    )          **CONSENT PROTECTIVE ORDER**
                                          )
EARTHWORKS SOLUTIONS, LLC and             )
EDWARD ESCOCHEA, SR.,                     )
                                          )
              Defendants.                 )

THIS CAUSE came on to be heard upon the joint motion of Plaintiff Redox Tech LLC ("Plaintiff"), and Defendants Earthworks Solutions LLC and Edward Escochea ("Defendants"); and it appearing to the Court that discovery and the trial in this action may involve the production and disclosure of confidential, proprietary, or sensitive information requiring protection against unrestricted disclosure or use;

THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery in this action:

1.      Certain information and documents to be produced by Plaintiff and Defendants during discovery in this litigation may contain trade secrets or other proprietary, confidential research, development, or commercial information that should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2.      The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Consent Protective Order ("this Order") shall include, without limitation, all documents or information whether in hard copy or electronic form designated in

accordance with the terms of this Order and supplied in response to the demands or requests of either party, formal or informal, regardless of whether said information is produced or disclosed by a party or by any affiliated person or entity, or formerly affiliated person or entity.

3.    All information designated "CONFIDENTIAL" in accordance with the terms of this Order and disclosed in discovery in this action shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose. "Discovery Material" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this action.  Any party may, in good faith, designate Discovery Material as "CONFIDENTIAL."  Discovery Material designated "CONFIDENTIAL" shall contain proprietary information, whether personal or business-related and confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Discovery Material.  "CONFIDENTIAL" information, as used in this Order, shall refer to any information so designated.

4.    All information designated "CONFIDENTIAL" shall be maintained in confidence by the parties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

    (a)    The Court (including court reporters, stenographic reporters and videographers, and court personnel);

(b)     The attorneys of record, their partners, employees, contractors, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

(c)     Officers or employees of Plaintiff in this action, and officers and employees of Defendants in this action; provided, that such officers or employees shall receive such "CONFIDENTIAL" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

(d)     Subject to the terms of paragraph **12**below, experts and their staff and litigation support personnel and their staff retained by Outside Counsel in this litigation; and

(e)     Any other person as to whom the producing party agrees in writing prior to such disclosure.

5.      Nothing in the Order shall be taken as assent by a non-producing party that designated information is in fact "CONFIDENTIAL" is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  If counsel for the non-producing party believes that a confidentiality designation is not appropriate or justified, counsel for the non-producing party will notify counsel for the producing party of its belief that the information should not be so designated or should be disclosable to persons other than those allowed by this order.  A party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated.  The parties shall use their best

efforts to resolve promptly and informally such disputes. If the parties do not reach agreement on the correct designation of the information within ten (10) business days of service of a challenge, the non-producing party may file a motion with the Court setting forth the non-producing party's reasons as to why the designation should be changed. Unless and until the Court issues a ruling that the information may be disclosed to persons other than those authorized by this Order, the contested designation shall remain in place and treated consistently with the terms of this Order.6.

6.      Information which shall be presumptively CONFIDENTIAL includes information concerning previously non-publicly known future product designs, future business plans, unpublished and pending patent applications; the identities and addresses of a company's customers; and other CONFIDENTIAL commercial information.

7.      Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

8.      No designation of documents as "CONFIDENTIAL" shall be effective unless: (a) there is placed or affixed on such document a "CONFIDENTIAL" notice or the equivalent; or (b) there is a communication between opposing counsel identifying by Bates stamp number the confidential documents. Where practicable, such 8(a) notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium and its protective cover, if any. Testimony given at a deposition or hearing may be designated "CONFIDENTIAL" in accordance with the provisions of Paragraph 16 of this Order. Any designation that is inadvertently omitted from a document or testimony may

be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order.

9. All "CONFIDENTIAL" information shall be maintained under the control of Outside Counsel, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

10. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal

does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

11. Information produced by non-parties during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL" by following the procedures set forth herein or may be deemed so confidential as not to be disclosed under any circumstances. Information so designated and produced by third parties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A producing non-party shall have all the rights of a producing party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

12. Prior to disclosure of "CONFIDENTIAL" information to any third parties, to include persons employed to act as outside consultants or experts, translators, or interpreters in this action, counsel for the party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as Exhibit A.

13. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" information that it has produced or disclosed in this litigation.

14. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL" information if the parties to this action and, if applicable, the non-party from which the material originated, consent, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may at any time request the Court, after notice to the opposing party and to the non-party from which the material originated, if

applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" information.

15.     Nothing herein shall prohibit a party, or its counsel, from disclosing any document designated "CONFIDENTIAL" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have already viewed the document, been told of its contents or who previously had legal access to the document or information.

16.     Information disclosed at a deposition may be designated as "CONFIDENTIAL" by indicating on the record at the deposition that the information is "CONFIDENTIAL" and is subject to the provisions of this Order.  All such portions of the transcript shall be appropriately marked by the court reporter and shall be treated by the parties as set forth herein.  Testimony in a deposition may also be designated "CONFIDENTIAL" by notifying the deposing party in writing within ten (10) business days of the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL," as the case may be.  Upon being informed that certain portions of a deposition disclose "CONFIDENTIAL" information, each party must cause each copy of the transcript in its custody or control to be marked as soon as practicable.

17.     Violation by any person of any term of this Order or of the Nondisclosure Agreement may be punishable as contempt of court.  Any person or entity that produces "CONFIDENTIAL" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and of the Nondisclosure Agreement and may pursue all remedies available for violation thereof.  No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law.  Nothing in this Order shall prevent or prohibit any

party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

18.    Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing.  The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

19.    Upon the final termination of this litigation, including any appeals, the parties have sixty (60) days within which they may petition the Clerk of Court to return to the party which filed them all "CONFIDENTIAL" information, and documents and things containing "CONFIDENTIAL" information, that have been filed under seal with the Court.  Any and all originals and copies of Discovery Materials designated "CONFIDENTIAL" shall, at the request of the producing party, be returned to the party (at its expense) within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the producing party, destroyed in that time frame, except that Outside Counsel for each party may maintain in its files archival copies of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, written discovery responses and documents constituting work product which were internally generated based upon or which include "CONFIDENTIAL" information.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify Outside Counsel for the producing party of the subpoena so that the latter may protect its interests.  In the event that documents are returned to or destroyed at the request of the producing party, the other party or its Outside Counsel shall certify in writing that all such documents have

been returned or destroyed, as the case may be.  The parties should agree to reasonable extensions of time to complete the return of the "CONFIDENTIAL" information, if necessary.

20.     The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

(a)     Was, is, or becomes public knowledge or publicly accessible not in violation of this Order; or

(b)     Was lawfully possessed by the non-designating party prior to the date of this Order.

21.     This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order.  However, this Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

22.     The parties agree to submit this Order for entry by the Court and to be bound by the terms prior to entry by the Court.

This the _____ day of January, 2018.

ROSSABI REARDON KLEIN SPIVEY PLLC
Attorneys for Plaintiff

By:  /s/ Amiel J. Rossabi_____
    Amiel J. Rossabi
    North Carolina State Bar No. 16984
    Elizabeth M. Klein
    North Carolina State Bar No. 44528
    706 Green Valley Road, Suite 410
    Greensboro, North Carolina  27408
    Telephone:  (336) 895-4181
    Email:  arossabi@r2kslaw.com
           bklein@r2kslaw.com

COATS & BENNETT, PLLC
Attorneys for Defendants

By: /s/   Anthony J. Biller
   Anthony J. Biller
   NC State Bar No. 24,117
   Emily M. Haas
   NC State Bar No. 39,716
   1400 Crescent Green, Suite 300
   Cary, NC 27518
   Telephone: (919) 854-1844
   Facsimile:  (919) 854-2084
   Email:  abiller@coatsandbennett.com
           ehaas@coatsandbennett.com


*********************

## COURT'S APPROVAL AND MODIFICATION

The court hereby APPROVES and ADOPTS the foregoing terms of the parties' Consent Protective Order, subject to the following modification:

Notwithstanding anything to the contrary set forth in the parties' Consent Protective Order, the filing and retention of documents containing information designated "Confidential" shall be governed by this court's electronic case filing policies and procedures. *See* Electronic Case Filing Admin. Policies & Proc. Manual (E.D.N.C.), available at http://www.nced.uscourts.gov/pdfs/ cmecfPolicyManual.pdf.

SO ORDERED, this 26th day of February 2018.

_____
The Honorable Kimberly A. Swank
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:17-CV-447-KS

| | | |
|---|---|---|
| REDOX TECH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NONDISCLOSURE AGREEMENT** |
| v. | ) | **UNDER CONSENT PROTECTIVE** |
| | ) | **ORDER** |
| EARTHWORKS SOLUTIONS, LLC and | ) | |
| EDWARD ESCOCHEA, SR., | ) | |
| | ) | |
| Defendants. | ) | |

The undersigned, having read the Consent Protective Order (the "Protective Order") entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the parties' outside counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order executed a similar Nondisclosure Agreement. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

3.      The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4.      The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

5.      The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.


Dated: _____          _____
                                        Signature

                                        _____
                                        Printed Name

                                        _____
                                        _____
                                        Address

                                        _____
                                        Employer(s)