IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-447-KS

| | | |
|---|---|---|
| REDOX TECH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EARTHWORKS SOLUTIONS LLC | ) | |
| and EDWARD ESCOCHEA, SR., | ) | |
| | ) | **ORDER** |
| Defendants and Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REDOX TECH, LLC, and | ) | |
| JOHN S. HASELOW, | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |

This matter is before the court on the following motions, the parties having

consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c):

   1. Defendants' Motion to Dismiss Plaintiff's claims, pursuant

to Fed. R. Civ. P. 12(b)(6), for failure to state a claim [DE #71]; and

   2. Motion to Dismiss Claim and Purported Claim against

Counterclaim Defendants, pursuant to Fed. R. Civ. P. 12(b)(6), for

failure to state a claim [DE #96].

The parties have filed appropriate responses and replies, and the time for further

filings has expired. The motions are, therefore, ripe for ruling.

# BACKGROUND

Plaintiff Redox Tech LLC (Redox) is a North Carolina limited liability company in the business of providing environmental remediation products and services. Defendant Edward Escochea, Sr. (Escochea) is a member and former employee of Redox. Counterclaim Defendant John S. Haselow (Haselow) is a member and the manager of Redox. Escochea formed Earthworks Solutions LLC (Earthworks), a Georgia limited liability company, on or about July 10, 2017, and thereafter gave notice he would be leaving Redox's employ, effective August 16, 2017. On August 21, 2017, Redox brought an action against Escochea and Earthworks in the General Court of Justice, District Court Division of Guilford County, North Carolina, asserting claims for misappropriation of trade secrets, breach of fiduciary duty, and unjust enrichment. Redox also sought and obtained a temporary restraining order (TRO) prohibiting Escochea, Earthworks, their employees, agents, representatives, and anyone acting in concert with them from

- using, retaining, disseminating, or disclosing . . . [Redox's] Trade Secrets as defined in the Verified Complaint;

- soliciting, bidding on, or performing work on any projects initiated at Redox up to and including August 15, 2017;

- communicating with any former or existing customers of Redox using [Redox's] Trade Secrets as defined in the Verified Complaint;

- communicating any of [Redox's] Trade Secrets as defined in the Verified Complaint to [Redox's] competitors; and

- maintaining possession of, without returning, all [Redox's] Trade Secrets as defined in the Verified Complaint and information related to [Redox's] Trade Secrets as defined in the Verified Complaint.

(TRO, Ex. C to Pet. Removal [DE #1-5] at 2.) Defendants removed the state-court action to the United States District Court for the Middle District of North Carolina on August 28, 2017. *Redox Tech LLC v. Earthworks Solutions LLC*, No. 1:17-CV-783-LCB-LPA (M.D.N.C. Aug. 28, 2017). On Redox's motion and with Defendants' consent, the action was transferred to this court on September 5, 2017. (Order Transferring Venue [DE #5].) Orders were entered extending the TRO upon payment of $10,000 security and scheduling the matter for a preliminary injunction hearing. (Order dated Sept. 8, 2017 [DE #14]; Order dated Sept. 12, 2017 [DE #27].)

When the matter came on for hearing of Redox's preliminary injunction motion on October 3, 2017, the parties announced they had reached a settlement of all matters in controversy among them. Redox withdrew its motion for preliminary injunction conditioned upon Defendants' representation that they would not work on certain jobs without Plaintiff's approval. The parties consented to the withdrawal of all other pending motions and requested a sixty-day stay to finalize the settlement, which the court granted. (Order dated Oct. 4, 2017 [DE #62].)

The parties have since informed the court of their inability to finalize a settlement of this action. By notice filed December 6, 2017, the parties advised they have been unable to agree on the value of Escochea's ownership interest in Redox and that, as a result, Escochea has initiated a separate action in the Superior Court of Wake County, North Carolina. (Status Reports [DE #69 & #70].) In the state-court action, Escochea seeks, among other things, an independent accounting, valuation of

Escochea's interest in Redox, and judicial dissolution of Redox. *See Escochea v. Redox Tech, LLC*, No. 17-CVS-14675 (N.C. Super. Ct. filed Dec. 5, 2017).

On December 6, 2017, Defendants filed a motion to dismiss Redox's claims [DE #71], as well as an answer and counterclaims against Redox and Haselow [DE #73]. Redox and Haselow filed a motion to dismiss the counterclaims against them on January 26, 2018 [DE #96].

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of claims that fail to state a claim upon which relief may be granted. The intent of Rule 12(b)(6) is to test the sufficiency of the complaint or other pleading asserting a claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th. Cir. 1999). The court assumes the truth of all facts alleged in the pleading and the existence of any fact that can be proved, consistent with the allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

While a claim need not contain detailed factual allegations, it must contain "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must allege facts that raise a right to relief above the speculative level and must give a defendant "fair notice" of the claim and "the grounds upon which it rests."

*Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A "formulaic recitation of the elements of a cause of action" will simply not suffice. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the claimant to articulate facts "that allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and "defers until after discovery any challenge[s] to those claims insofar as they rely on facts," *Teachers' Retirement Sys. of La. v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007).

"Further, where, as in this case, subject matter jurisdiction is based on diversity of citizenship, the court must apply the substantive law of the forum state." *Tucker Auto-Mation of N.C., LLC v. Rutledge*, No. 1:15-CV-893, 2017 WL 2930926, at \*2 (M.D.N.C. July 10, 2017) (citing *Private Mortg. Inv. Servs., v. Hotel & Club Assocs.,* 296 F.3d 308 312 (4th Cir. 2002)).

## II.     Motion to Dismiss Plaintiff's Claims

Defendants' brief, which contains a factual recitation sounding more in the nature of summary judgment, characterizes Plaintiff's complaint as frivolous. Defendants first argue that Plaintiff has failed to allege any trade secret with sufficient particularity as to provide notice of Plaintiff's claims. Second, Defendants argue that Plaintiff has failed to allege any facts to support a fiduciary relationship

or the breach thereof in support of its breach of fiduciary duty claim. Third, Defendants argue Plaintiff has failed to state a claim of unjust enrichment.

## A. Misappropriation of Trade Secrets

The North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66–152 *et seq.*, "establishes a private right of action on the part of an owner of a trade secret against a party alleged to have misappropriated trade secrets." *ACS Partners, LLC v. Americon Grp., Inc.*, No. 3:09-CV-464-RJC-DSC, 2010 WL 883663, at *10 (W.D.N.C. Mar. 5, 2010). "A trade secret is business or technical information that '[d]erives independent actual or potential commercial value from not being generally known or readily ascertainable through independent development . . . and [is] the subject of efforts that are reasonable under the circumstances to maintain its secrecy.'" *Sunbelt Rentals, Inc. v. Head & Engquist Equip.*, 174 N.C. App. 49, 53, 620 S.E.2d 222, 226 (2005) (alterations in original) (quoting N.C. Gen. Stat. § 66-152(3)(a)–(b)). Whether information constitutes a trade secret depends upon the following:

> (1) the extent to which information is known outside the business; (2) the extent to which it is known to employees and others involved in the business; (3) the extent of measures taken to guard secrecy of the information; (4) the value of information to business and its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could properly be acquired or duplicated by others.

*Id.*

"To state a claim for misappropriation of trade secrets, the complaint 'must identify [the] trade secret with sufficient particularity so as to enable a defendant to

delineate that which he is accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur.'" *Tucker Auto-Mation*, 2017 WL 2930926, at *4 (quoting *Washburn v. Yadkin Valley Bank & Tr. Co.*, 190 N.C. App. 315, 326, 660 S.E.2d 577, 585 (2008)). General allegations, made "in sweeping and conclusory statements, without specifically identifying the trade secrets allegedly misappropriated," are insufficient to state a misappropriation of trade secrets claim. *Id.* (quoting *Washburn*, 190 N.C. App. at 327, 660 S.E.2d at 585–86). "A plaintiff is not required to plead a trade secret misappropriation claim with specificity" though. *Lord Corp. v. S&B Tech. Prod., Inc.*, No. 5:09-CV-205-D, 2011 WL 13152459, at *7 (E.D.N.C. Jan. 5, 2011), *report and recommendation adopted sub nom. Lord Corp. v. Hultec S&B Tech. Prod., Inc.*, No. 5:09-CV-205-D, 2011 WL 13152489 (E.D.N.C. Feb. 2, 2011).

Plaintiff's complaint meets this pleading standard. In support of its misappropriation claim, Plaintiff has identified the following as alleged trade secrets:

- The pricing for blending in soil amendments;

- The profit margins on [Redox's] products and processes;

- The production rates for blending in soil amendments;

- The water addition rates and quantities for blending in soil amendments;

- Key supplier information, including from whom [Redox] obtains its blending head and proper sizing of blender head;

- Information on hydraulic oil pressures and flow rates for soil blending;

- [Redox's] customer and supplier lists and their contact information;

7

- Engineering specifications for [Redox's] proprietary soil blending equipment; and

- Knowledge of and pricing for projects that [Redox] cultivated and developed.

(Compl. [DE #2] ¶ 19.) Plaintiff's Complaint also alleges the confidential nature of this information (Compl. ¶¶ 8, 20, 23-24), Plaintiff's efforts to maintain such confidentiality (Compl. ¶¶ 20, 24), and Defendants' alleged misappropriation of the trade secrets (Compl. ¶¶ 8-13, 18). These allegations sufficiently inform Defendants and the court of the trade secrets alleged to have been misappropriated. *See Sunbelt Rentals*, 174 N.C. App. at 53, 620 S.E.2d at 226 ("[O]ur courts have found the following to constitute a trade secret: cost history information; price lists; and confidential customer lists, pricing formulas and bidding formulas." (footnotes omitted)). That Defendants dispute the alleged efforts to maintain the confidentiality of such information does not warrant dismissal, as such a claim is more appropriately raised in a motion for summary judgment. And any desire for a more particularized description of the alleged trade secrets may be obtained through discovery. Defendants' motion to dismiss Plaintiff's trade secret claim is therefore denied.

## B. Breach of Fiduciary Duty

Plaintiff's Complaint also asserts a breach of fiduciary duty claim, alleging that Defendant Escochea, "[a]s a member of [Redox], . . . had a special and fiduciary duty to act in the best interests of [Redox]," which he breached by acting to his benefit and to the detriment of Redox. (Compl. ¶¶ 32-34.) Defendants move to dismiss this claim arguing, *inter alia*, that Plaintiff has failed to include any facts from which a fiduciary

relationship may be inferred. (Mem. Supp. Defs.' Mot. Dismiss [DE #72] at 8.) The court agrees and therefore dismisses this claim.

Under North Carolina law, "[m]embers of a limited liability company are like shareholders in a corporation in that members do not owe a fiduciary duty to each other or to the company." *Kaplan v. O.K. Techs., L.L.C.*, 196 N.C. App. 469, 473, 675 S.E.2d 133, 137 (2009); *see also Chisum v. Campagna*, 2017 NCBC 100, at ¶ 23, 2017 WL 5161978, at *5 (N.C. Super. Ct. Nov. 7, 2017). An exception to this rule is that "a holder of a majority interest who exercises control over the LLC owes a fiduciary duty to minority interest members." *Strategic Mgmt. Decisions, LLC v. Sales Performance Int'l*, 2017 NCBC 68, at ¶26, 2017 WL 3425930, at *4 (N.C. Super. Ct. Aug. 7, 2017); *see also Kaplan*, 196 N.C. App. at 473, 675 S.E.2d at 137 (controlling shareholder owes fiduciary duty to minority shareholders). Moreover, a member/manager owes the limited liability company a duty to discharge his responsibilities as manager "(i) in good faith, (ii) with the care an ordinary prudent person in a like position would exercise under similar circumstances, and (iii) subject to the operating agreement, in a manner the manager believes to be in the best interests of the LLC." N.C. Gen. Stat. § 57D-3-21(b).

Plaintiff's complaint alleges the existence of a fiduciary duty based upon Defendant Escochea's membership in Redox, a North Carolina limited liability company. No facts suggest that Escochea was a manager or a controlling member of company. *See Strategic Mgmt.*, 2017 WL 3425930, at *5 (dismissal appropriate where plaintiff "failed to allege the control necessary to demonstrate a fiduciary

relationship"). Nor are there any facts to support the complaint's threadbare recital that Redox "reposed a special trust and confidence" in Escochea to act in the company's best interests. Defendants are entitled to dismissal of this claim because Plaintiff has failed to sufficiently allege a fiduciary duty owed by Escochea..

### C.    Unjust Enrichment

Defendants further argue Plaintiff has failed to allege sufficient facts to support a claim of unjust enrichment against either Escochea or Earthworks. Under North Carolina law, a claim for unjust enrichment is "a claim in quasi contract or a contract implied in law." *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988). In order to establish a claim for unjust enrichment, a plaintiff must show (i) that a measurable benefit was conferred, neither officiously nor gratuitously, on the defendant; and (ii) the defendant consciously accepted the benefit. *Id.* "The claim is not based on a promise but is imposed by law to prevent an unjust enrichment," and the measure of damages is "the reasonable value of the goods and services to the defendant." *Id.*

The complaint here alleges that Defendant Escochea was a member of Redox and worked in Redox's Georgia office (Compl. ¶ 5); that in July 2017, Escochea gave notice he would not be working for Redox, effective August 15, 2017 (Compl. ¶ 14); that Escochea represented to Redox "that he would devote his full time working for the benefit of [Redox] through August 15, 2017" (Compl. ¶ 15); that Redox agreed to compensate Escochea through August 15, 2017 (Compl. ¶ 15); that while accepting compensation and benefits from Redox, Escochea not only neglected his work duties,

but used Redox's trade secrets and solicited Redox's clients, for his benefit and the benefit of his newly formed company, Earthworks, to the detriment of Redox (Compl. ¶¶ 9-13, 17-19, 21, 38-39); and that Defendants have not compensated Plaintiff for the benefits they received (Compl. ¶ 40). These allegations are sufficient to state a claim for unjust enrichment against both Escochea and Earthworks. Defendants' motion to dismiss this claim is therefore denied.

## III.    Motion to Dismiss Defendants' Claims

Defendants dispute the material allegations of Plaintiff's complaint and have filed claims against Redox and its manager, Haselow. Defendants assert claims for abuse of process and unfair or deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1, alleging that Plaintiff's complaint is frivolous and initiated for the purpose of preventing Defendants from competing against Redox. Redox and Haselow move to dismiss the claims for failure to state a claim upon which relief can be granted.

### A.    Claim against Haselow

Dismissal is first sought as to Defendants' claims against Haselow, who is not a plaintiff to this action. Plaintiff and Haselow argue that absent a motion to join him as a party to this action pursuant to Fed. R. Civ. P. 19 or 20, any claim as to him must be dismissed. Defendants contend that a motion to join Haselow is not necessary in this instance because he was joined by way of a claim asserted in Defendants' answer.

The Federal Rules of Civil Procedure provide two rules for the joinder of non-parties by a party defendant. Rule 14(a) governs the impleader of non-parties as third-party defendants; and Rule 13(h) authorizes the joinder of additional persons

11

to a counterclaim or crossclaim. *Kirkcaldy v. Richmond Cty. Bd. of Educ.*, 212 F.R.D. 289, 298 (M.D.N.C. 2002), *cited with approval in Stonecrest Partners, LLC v. Bank of Hampton Roads*, No. 7:10-CV-63-FL, 2011 WL 3664412, at *3 (E.D.N.C. Aug. 18, 2011). "Rule 14 deals exclusively with the addition of third parties who may be liable to the third-party plaintiff for part or all of the damages claimed by the original plaintiff." 6 Wright & Miller, *Fed. Prac. & Proc.* § 1434 (3d ed. 2010). Under Rule 14, a party may assert "a totally new claim that may not be directly related to the original plaintiff's claim." *Id.* Rule 13 serves a different purpose. Its main purpose is to join claims in one suit so that disposition of the action will "grant complete relief to all the concerned parties." *Stonecrest*, 2011 WL 3664412, at *4 (quoting 6 Wright & Miller, *Fed. Prac. & Proc.* § 1434); *see also* 6 Wright & Miller, *Fed. Prac. & Proc.* § 1403. Courts construe the rule "liberally in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy." *Stonecrest*, 2011 WL 3664412, at *4 (quoting 6 Wright & Miller, *Fed. Prac. & Proc.* § 1434).

Rule 13(h) authorizes joinder of additional parties only for the purpose of adjudicating a claim "that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought." *Stonecrest*, 2011 WL 3664412, at *3 (quoting 6 Wright & Miller, *Fed. Prac. & Proc.* § 1435). Where, as here, a defendant asserts a claim against both the plaintiff and a non-party in its answer, joinder is permitted pursuant to Rule 13(h), and leave to join the additional party is unnecessary. *Id.* The motion to dismiss Defendants' claims against Haselow is therefore denied.

### B. Abuse of Process Claim

Redox and Haselow also move to dismiss Defendants' abuse of process claim. "[A]buse of process is the misuse of legal process for an ulterior purpose. It consists in the malicious misuse or misapplication of that process after issuance to accomplish some purpose not warranted or commanded by the writ." *Melton v. Rickman*, 225 N.C. 700, 703, 36 S.E.2d 276, 278 (1945). Abuse of process requires both an ulterior motive and a malicious act. To meet the ulterior motive requirement, the plaintiff must allege the defendant used the legal process "to achieve a collateral purpose not within the normal scope of the process used." *Chidnese v. Chidnese*, 210 N.C. App. 299, 310-311, 708 S.E.2d 725, 734 (2011) (quoting *Stanback v. Stanback*, 297 N.C. 181, 201, 254 S.E.2d 611, 624 (1979)). For the act requirement, the plaintiff must allege "the defendant committed some willful act whereby he sought to use the existence of the proceeding to gain advantage of the plaintiff in respect to some collateral matter." *Id.* at 311, 708 S.E.2d at 734-35.

Defendants' allegations are sufficient to withstand dismissal. Defendants allege that Escochea was not subject to an agreement prohibiting him from competing with Redox (Answer & Countercls. [DE #73] at 7-9 ¶¶ 17, 23, 27); that, having failed to get Escochea to agree to a non-compete agreement, Redox sought and obtained, *ex parte*, a TRO prohibiting Escochea and Earthworks from competing against Redox (*id.* at 12-13 ¶¶ 49, 51); that the TRO was without legal basis and intended to prevent Escochea and Earthworks from fairly competing in the marketplace (*id.* at 12-14 ¶¶ 48-49, 51-53, 58-59); that Redox prevented Escochea and Earthworks from bidding

on a project by obtaining and then informing a consultant involved in the selection process of the TRO obtained against Defendants (*id.* at 13-14 ¶¶ 50-54, 60-61); and that the actions of Redox and Haselow were taken for the purpose of preventing fair competition in the marketplace (*id.* ¶¶ 51-52, 58-59). These allegations sufficiently state an ulterior motive and a malicious act to withstand dismissal of a claim of abuse of process. Redox and Haselow's motion to dismiss this claim is therefore denied.

### C. Unfair or Deceptive Trade Practices Claim

Finally, Redox and Haselow move to dismiss Defendants' unfair and deceptive trade practices claim. To state a claim under North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.,* a claimant must allege facts sufficient to support findings of (1) an unfair or deceptive act or practice committed by the defendant, (2) in or affecting commerce, (3) which thereby injured the claimant. *See Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). Redox and Haselow argue that Defendants' counterclaim is fatally defective because it fails to allege injury proximately caused by any acts of Redox and Haselow.

In their counterclaim, Defendants allege they were in the process of bidding on a work project when Redox obtained the TRO (Answer & Countercls. at 14 ¶ 64); that Haselow informed a consultant with whom Defendants were working of the TRO (*id.* at 13-14, ¶¶ 50, 64); that the consultants managing the project were concerned that if they hired Escochea, his work may be stopped by court order (*id.* at 14, ¶ 65); that Defendants "had to halt their participation in the bidding process" (*id.* ¶ 66); and that Defendants were unable to work and Escochea was unable to provide for his family

14

as a result of the actions taken by Redox and Haselow (*id.* ¶ 61). These allegations are sufficient to support a finding that Defendants were injured as a proximate cause of the alleged unfair or deceptive acts of Redox and Haselow. The court therefore denies the motion to dismiss Defendants' trade practices claim.

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. Defendants' Motion to Dismiss [DE #71] is GRANTED IN PART and DENIED IN PART. Plaintiff's breach of fiduciary duty claim (second claim for relief) is dismissed for failure to state a claim upon which relief can be granted; and

2. Redox and Haselow's Motion to Dismiss [DE #96] is DENIED.

This 10th day of April 2018.

_____
KIMBERLY A. SWANK
United States Magistrate Judge